UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET MIXON                                CIVIL ACTION

VERSUS                                        NO. 09-3021

U.S. AGENCIES CASUALTY INSURANCE              SECTION: "B"(4)
COMPANY AND ALFRED SHOWERS

## ORDER AND REASONS

**IT IS ORDERED** that the Motion for Summary Judgment filed by the United States of America, Record Document 9, is hereby **GRANTED**.

The United States removed this action pursuant to 28 U.S.C. §§ 1441 and 1442(a)(1) to this Court, which is vested with subject-matter jurisdiction over the proceedings. Pursuant to the United States' motion, the Court ordered that certain funds tendered[1] in a state concursus proceeding be deposited into the registry of the Court. Record Document No. 6; see also, Record Documents 1-1, 1-2 and 3-1.

Ms. Mixon was a Medicare beneficiary who received payment for qualifying services under the Medicare Program. Medicare issued conditional payments to Ms. Mixon in the amount of $43,350.61. Record Document 9-4. Because Medicare's superior interest exceeds the amount in the registry of the Court, granting Medicare judgment

---

[1] The amount of the check was Eleven Thousand One Hundred Seventy-Three and 47/100 ($11,173.47) Dollars. *See* Record Document Nos. 5 and 6.

as a matter of law under Fed. R. Civ. P. 56 resolves the captioned matter.

Medicare is statutorily authorized to make a "conditional payment" for medical care and services and then seek repayment for same in a position superior to all other claimants. *See* 42 U.S.C. § 1395y(b)(2)(B)(i)-(iii). The purpose of the latter statute was to "reduce Medicare cost by making the government a secondary provider of medical insurance when a Medicare recipient has other sources of primary insurance coverage." *Brown v. Thompson*, 374 F. 3d 253, 257 (4thy Cir. 2004) (quoting *Thompson v. Goetzman*, 337 F. 3d 489, 495 (5th Cir. 2003). In order to make a conditional payment, Medicare is obligated to then seek repayment from other (primary) source(s). *See*, e.g., 42 U.S.C. § 1395y(b)(2)(B)(i) (requiring that the payment be "conditioned on reimbursement to the appropriate Trust Fund in accordance with the succeeding provisions of this subsection").

The United States has provided uncontested competent evidence which establishes that Ms. Mixon was a Medicare beneficiary for the time period at issue. Additionally, uncontested evidence further establishes that Medicare issued "conditional payment" to Ms. Mixon for medical services rendered (and related to a underlying vehicular accident, which gave rise to the concursus proceeding). Medicare's superior interest entitles it to obtain reimbursement from the primary insurer, Defendant U.S. Agencies Casualty

Insurance Company, the insurer of the tortfeasor, Defendant Alfred Showers.

Because the amount of the "conditional payments" ($42,350.61) exceeds the amount deposited into the Registry of the Court ($11,173.47), the United States is entitled to the full amount held in the Registry of the Court. *Waters v. Farmers Texas County Mut. Ins. Co.*, 9 F. 3d 397, 401 (5th Cir. 1993).

New Orleans, Louisiana, this 31st day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE